NOT FOR PUBLICATION                                                                   CLOSED

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GWENDOLYN L. EVANS, | |
| Plaintiff, | Civil Action No. 07-2236 (JAP) |
| v. | |
|  | OPINION |
| AARON P. BLACK, JOANNE V. PACHTINGER, and the UNITED STATES OF AMERICA, | |
| Defendants. | |

PISANO, District Judge.

Plaintiff Gwendolyn L. Evans ("Plaintiff" or "Evans") brought this negligence action seeking damages for personal injuries she sustained in an automobile accident. Currently before the Court is Defendant United States of America (the "United States")'s unopposed Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the reasons stated below, the motion is granted.

**I. BACKGROUND**

On or about December 1, 2004, Evans and Defendants Aaron P. Black ("Black"), Joanne V. Pachtinger ("Pachtinger"), and John P. Toohey ("Toohey") (together "Defendants") were involved in an automobile accident in Freehold Township, New Jersey. On November 22, 2006, Evans filed a Complaint in the Superior Court of New Jersey, Law Division, in Monmouth County, alleging that Defendants' negligence caused her to suffer serious physical injuries, including permanent disability and permanent loss of bodily function.

Toohey, a federal employee, was driving a vehicle owned by the United States Postal Service and acting within the scope of his federal employment at the time of the accident.  Thus, his alleged negligence is covered under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401(b), 2671-80.  Because the United States is the only cognizable party under the FTCA for alleged acts of negligence and the FTCA provides the only waiver of sovereign immunity permitting claimants to sue the United States for actions sounding in tort, the United States removed the case to federal district court pursuant to 28 U.S.C. §§ 2679(d)(2) and 1441.  Additionally, pursuant to 28 U.S.C. § 2679(d)(1) the United States substituted itself as the party defendant in place of Toohey.

The United States now moves for dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction because Evans failed to present a sufficient administrative tort claim to the appropriate federal agency, which is a precondition to subject matter jurisdiction over a tort claim against the federal government.  Evans does not oppose the motion to dismiss and concedes that neither Toohey nor the United States is liable for her injuries.

**II.  DISCUSSION**

Under the FTCA, a claimant alleging negligence on the part of a federal employee acting within the scope of his employment must first present his claim to the appropriate federal agency and receive a final denial of the claim prior to bringing a civil action:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . .

28 U.S.C. § 2675. This requirement is jurisdictional and may not be waived. *Richardson v. Knud Hansen Mem'l Hosp.*, 744 F.2d 1007, 1010 (3d Cir. 1984). Plaintiff does not contest the assertion that Toohey was acting within the scope of his federal employment at the time of the accident. Further, Plaintiff admits that she has not presented her claim to the appropriate federal agency. Thus, the Court grants the United States' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1). Where, as here, the United States removes an action to federal court, substitutes itself as a party defendant and successfully moves to have the action dismissed for failure to file an administrative claim, the plaintiff may subsequently file an administrative claim pursuant to 28 U.S.C. § 2679(d)(5), assuming the claim satisfies the timeliness requirements of that section. Therefore, notwithstanding her concession that neither Toohey nor the United State is liable for her injuries, Evans may pursue her claim against the United States by filing an administrative claim.

What remains of Plaintiff's Complaint—a negligence action against Defendants Black and Pachtinger—does not involve a federal question or diversity of citizenship. Having dismissed the claim over which it had original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law negligence claims against Defendants Black and Pachtinger. *See* 28 U.S.C. 1376(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."). Accordingly, the Court remands the state law negligence claims to the Superior Court of New Jersey, Law Division.[1]

---

[1] In a letter dated May 22, 2007, Plaintiff requested that the Court remand this matter to state court.

### III.  CONCLUSION

For the reasons stated above, the United States' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) is granted and Plaintiff's remaining claims against Defendants Black and Pachtinger are remanded to the Superior Court of New Jersey, Law Division.  An appropriate order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

DATED:  June 7, 2007